**NOT FOR CITATION**

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

MARK PISZCZEK,

    Petitioner,

vs.

ANTHONY P. KANE, Warden,

    Respondent.

No. C 05-2449 PJH (PR)

**ORDER GRANTING RESPONDENT'S MOTION TO DISMISS**

This is a habeas case brought pro se by a state prisoner under 28 U.S.C. § 2254. Respondent has filed a motion to dismiss on grounds that the petition is barred by the statute of limitations, that there is no liberty interest in parole in California, and that the petition and attachments show that there was no due process violation. Petitioner has filed an opposition which addresses only the liberty interest ground, and respondent has filed a reply. The motion is ready for decision.

**DISCUSSION**

Respondent's contention that this petition is barred by the statute of limitations is dispositive of the motion and the case.

The statute of limitations is codified at 28 U.S.C. § 2244(d). Petitions filed by prisoners challenging non-capital state convictions or sentences must be filed within one year of the latest of the date on which: (A) the judgment became final after the conclusion of direct review or the time passed for seeking direct review; (B) an impediment to filing an application created by unconstitutional state action was removed, if such action prevented petitioner from filing; (C) the constitutional right asserted was recognized by the Supreme Court, if the right was newly recognized by the Supreme Court and made retroactive to cases on collateral review; or (D) the factual predicate of the claim could have been

discovered through the exercise of due diligence. 28 U.S.C. § 2244(d)(1). Time during which a properly filed application for state post-conviction or other collateral review is pending is excluded from the one-year time limit. *Id.* § 2244(d)(2).

When the petition is directed to a denial of parole, as here, the date the statute of limitations begins to run is determined under subsection (D) of 2244(d)(1), i.e., it is the date when the factual predicate of the claim could have been discovered through the exercise of due diligence, and in parole cases that usually will be the date the parole denial became final. *See Redd v. McGrath*, 343 F.3d 1077, 1079 (9th Cir. 2003) (limitations period began to run when BPT denied prisoner's administrative appeal challenging the BPT's decision that he was unsuitable for parole).

Respondent contends the denial of parole became final on April 21, 2003, which is the date labeled "final date of decision" on page fifty-eight of the transcript of the Board's hearing and decision which is attached to the petition. Petitioner does not dispute this, of course, because he has not opposed the motion to dismiss as to this ground. The court therefore concludes that the statute of limitations began to run on April 21, 2003, and that the federal petition was due on April 21, 2004. *See Patterson v. Stewart*, 251 F.3d 1243, 1246 (9th Cir. 2001) (adopting "anniversary method;" absent any tolling, the expiration date of the limitation period will be the same date as the triggering event but in the following year).

Petitioner did not file his first state habeas petition directed to this parole denial until September 13, 2004, long after expiration of the statute of limitations. He thus is not entitled to statutory tolling for the time his state collateral review proceedings were pending. *See Ferguson v. Palmateer*, 321 F.3d 820, 823 (9th Cir. 2003) ("[S]ection 2244(d) does not permit the reinitiation of the limitations period that has ended before the state petition was filed"). As he has not opposed the motion to dismiss as to this ground, obviously he has not presented any other basis for avoiding the limitations bar. The motion to dismiss will be granted.

///

**CONCLUSION**

Respondent's motion to dismiss (document number 5 on the docket) is **GRANTED**. The petition is **DISMISSED**. The clerk shall close the file.

**IT IS SO ORDERED.**

Dated:  March 14, 2007.

PHYLLIS J. HAMILTON
United States District Judge

G:\PRO-SE\PJH\HC.05\PISZCHEK449.MDSMSS

3